**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**FLORENCE DIVISION**

| | |
|---|---|
| TIMOTHY TODD HAYES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:04-22201-MBS-BM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| EDDIE HUTO, JOHN HUTO, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff, pro se, apparently under the Fair Labor Standards Act (FLSA). Plaintiff was granted IFP status by order filed September 29, 2004, and the Marshal was directed to serve the Complaint upon the Defendants.

The file reflects that service on the Defendant John Huto was attempted by certified mail, with the return receipt showing a delivery date of October 26, 2004 and an unintelligible signature. There is also a receipt showing service on the Defendant Eddie Huto by the Marshal, with service being made on David Mauzon, Manager of Quality Oil & Lube in Florence, South Carolina. This service was purportedly effected December 8, 2004.

No formal responsive pleading has been filed by either Defendant; however, a one page letter, signed by John "Hutto" and printed on "Lakeside Enterprises of Florence, Inc." stationary, was received by the Court on November 15, 2004. There was no other activity in the file for several months, so on May 13, 2005 an order was issued directing the Defendants John Huto (or "Hutto") and Eddie Huto to advise the Court, in writing within twenty (20) days of the date of that



1

order, as to whether they had been properly served with process in this case, whether the letter received by the Court (purportedly from John "Hutto") on November 15, 2004 was or is intended to be an answer on behalf of the Defendant John Huto, and whether they intend to retain counsel in this matter.  In that same order, Plaintiff was advised that if the Court did not hear from him, in writing, within twenty (20) days, setting forth what steps he had taken to prosecute this matter, that this case might be dismissed pursuant to Rule 41(b), Fed.R.Civ.P.  Plaintiff was further advised that his Complaint may be subject to dismissal pursuant to Rule 4(m), Fed.R.Civ.P.

The twenty (20) day deadline set forth in that order has now expired, with the only communication received by the Court being a letter from John Hutto advising that his letter of November 15, 2004 was intended to be "the response by the corporation."[1]  However, there is no corporate defendant in this case. The two named Defendants are the two individuals John Huto and Eddie Huto.  Therefore, based on John Hutto's correspondence to this Court, no answer has been submitted on his behalf.  The other Defendant, Eddie Huto, did not respond to the Court's order, nor has any response or communication of any kind been received from the Plaintiff.

In sum, this matter has now been pending before this Court for almost nine (9) months, with the Court having no way of knowing whether the Defendants have been properly served or whether Eddie Huto has even been advised of this matter, and with no indication from the Plaintiff as to whether he has taken any action to effectively prosecute this case, including even responding to the Court's order of May 13, 2005.

Based on the foregoing, it is recommended that this action be **dismissed,** without

---

[1] The "Corporation" referred to by Hutto in this letter is apparently Lakeside Enterprises of Florence, Inc., represented to be the owner of Quality Oil & Lube.  Hutto states in his letter to the Court that he and Eddie "Hutto" are officers of the corporation.



prejudice, for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

June 20, 2005

3

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
&
The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd. Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201



4